IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CORDELL CURRY STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV93 |
| | ) | |
| v. | ) | |
| | ) | |
| DOUGLAS COUNTY | ) | **MEMORANDUM** |
| CORRECTIONAL CENTER, | ) | **AND ORDER** |
| UNKNOWN DUTCHER, and W.L. | ) | |
| STEVENS, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on March 4, 2008.  (Filing No. 1.)
Plaintiff filed amendments to the Complaint on May 20 and 22, 2008, requesting that
Defendant W.L. Stevens' name be changed to W.L. Stevens Jr. (Filing No. 6 & Filing
No. 7.)[1]  The court now conducts an initial review of the Complaint to determine
whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.      Summary of Complaint

Plaintiff filed his Complaint in this matter on March 4, 2008 against
Defendants Douglas County Correctional Center ("DCCC"), Unknown Dutcher, and
W.L. Stevens Jr.  (Filing No. 1 at CM/ECF p. 1; Filing No. 7.)

---

[1]Pursuant to NECivR 15.1, the court will allow amendment of the Complaint
and consider Plaintiff's amendments as supplemental to the original Complaint.  *See*
NECivR 15.1(b) (stating that in pro se cases the court may "in its discretion consider
the amended pleading as supplemental to, rather than as superseding, the original
pleading, unless the pleading states that it supersedes the prior pleading.")  It is of
note that in filing no. 6 and filing no. 7, Plaintiff states that he wishes to amend the
names in his allegations to W.L. Stevens Jr.  For the sake of clarity, the court will
refer to Defendant Stevens as W.L. Stevens Jr.

Condensed and summarized, Plaintiff's Complaint alleges that on May 26, 2006, Plaintiff was attacked, without provocation, by Defendant Dutcher and Defendant Stevens Jr. in the booking area of the DCCC.  (*Id.* at CM/ECF p. 7.) Plaintiff states that while attempting to place Plaintiff in a choke hold, Dutcher came from behind Plaintiff and jumped on his back, injuring Plaintiff's spine.  (*Id.*) Plaintiff alleges that when he turned around, four more guards, including Stevens Jr., were running towards him and he heard a code-blue alarm.  (*Id.*)  Plaintiff claims that the guards then grabbed him and wrestled and dragged Plaintiff towards an isolation cell.  (*Id.*)

Plaintiff states that once inside the isolation cell, the officers continued to punch and kick Plaintiff's legs and ankles, made threats, and claimed that Plaintiff was resisting arrest.  (*Id.*)  Plaintiff states that the officers tried to "ram [his] face into the steel bench," pulled his arms behind his back, and handcuffed Plaintiff.  (*Id.* at CM/ECF pp.7-8 (all-caps font removed).)  Plaintiff states that the officers left him in the cell from around 2:30 p.m. to around 2:00 a.m.  (*Id.* at CM/ECF p. 8.)  Plaintiff claims that at 2:00 a.m. an officer escorted him to "max 2 and placed [him] in the hole (segregation)," denying Plaintiff medical attention and use of the phone for several days.  (*Id.*(all-caps font removed).)

Plaintiff alleges that only after his mother phoned was he allowed to be examined by a nurse.  (*Id.*)  Plaintiff complains that once he received medical treatment, his leg and ankle were x-rayed, but not his spine.  (*Id.*)  Plaintiff claims that he filled out a grievance form and requested a copy of the video footage from the booking area and he "was denied."  (*Id.*(all-caps font removed).)  Plaintiff states that he never received a response to the grievance form he submitted.  (*Id.*)

Plaintiff asks the court to award him 7.5 million dollars in damages and to "impose penalty on Defendants."  (*Id.* at CM/ECF p.  9-10 (all-caps font removed).)

## II.   Standard of Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) & 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967)*,* and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.    Summary of Claims

Plaintiff names as Defendants DCCC, Unknown Dutcher, and W.L. Stevens Jr. Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (stating that "[t]his court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"). Further, a suit against a public employee in his or her official capacity is actually a suit against the public employer. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

Here, Plaintiff does not specify in what capacity he is suing Defendants Dutcher and Stevens Jr. Therefore, the court presumes that Plaintiff is suing Dutcher and Stevens Jr. in their official capacities. In accordance with the standards set forth above, Plaintiff's claims against Dutcher and Stevens Jr. in their official capacities are therefore construed as claims against Douglas County, Nebraska. Moreover, DCCC lacks the capacity to sue and be sued in its own name. Douglas County oversees the DCCC and is responsible for its operations and policies. Therefore, liberally construed, Douglas County is the only Defendant in this action.

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998). An "official policy" involves "a deliberate choice to follow a course of action . . . made from among various alternatives by an official who has the final authority to establish governmental policy." *Jane Doe A v. Special Sch. Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (internal citations and quotations omitted).

To establish the existence of a governmental custom, a plaintiff must prove:

1)   The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2)   Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3)   That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe A*, 901 F.2d at 646.

In Plaintiff's Complaint, he alleges claims of excessive force and medical indifference.

### A.   *Excessive-Force Claim*

Plaintiff alleges that Defendants Dutcher and Stevens Jr. attacked him without provocation while Plaintiff was in the booking area of the DCCC. However, Plaintiff does not allege that his injuries were caused by a continuing widespread pattern of unconstitutional misconduct, deliberate indifference or tacit authorization by Douglas County, or that a governmental custom or policy was the moving force behind his injuries. Therefore, Plaintiff's claim of excessive force as against Douglas County is dismissed. However, the court grants Plaintiff 30 days in which to amend his complaint to state whether he is suing Defendants Dutcher and Stevens Jr. in their individual capacities.

### B.     *Medical-Indifference Claim*

A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Further, a plaintiff must allege that he had objectively serious medical needs and that officials actually knew of, but deliberately disregarded, those needs. *Hartsfield v. Colburn*, 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006).

Moreover, "a § 1983 claim against a municipality or supervisor, based on an alleged policy or custom, or an alleged failure to adequately train or supervise subordinates, must be dismissed if it is determined that the subordinates did not violate the claimant's constitutional rights." *Neu v. County of Benton*, No. 06-601, 2007 WL2454127, at *6 (D. Minn. Aug. 23, 2007) (citing *Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) (where prisoner-plaintiff was unable to show that his medical care was "constitutionally deficient," he could not prevail on his related claim that prison administrators did not adequately train their staff)).

Plaintiff claims that he was denied medical attention immediately after Defendants Dutcher and Stevens Jr. attacked Plaintiff, and that the medical attention he did receive days later was not sufficient because his spine was not x-rayed. The court concludes that liberally construed, Plaintiff has set forth enough facts to nudge his claims against Defendant Douglas County from conceivable to plausible. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint, and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's amendments (filing no. 6 & filing no. 7), construed as Motions to Amend, are granted as set forth in this Memorandum and Order.

2.      Plaintiff's claim of excessive force as against Douglas County is dismissed.

3.      Plaintiff has 30 days or until July 7, 2008 to file an amended complaint to state whether he is suing Defendants Dutcher and Stevens Jr. in their individual capacities.  Plaintiff's amended complaint must repeat his original Complaint in its entirety, as well as set forth any new claims and requests for relief. Failure to consolidate all claims into one document could result in the abandonment of claims.

4.      Plaintiff's claim of medical indifference against Douglas County may go forward as set forth in this Memorandum and Order and service is now warranted as to that claim only.

5.      To obtain service of process on Defendant, Plaintiff must complete and return the summons forms which the Clerk of the Court will provide.  The Clerk of the Court shall send ONE (1) summons form (for service on Defendant Douglas County) to Plaintiff together with a copy of this Memorandum and Order.

6.      Service shall be completed in accordance with Federal Rule of Civil Procedure 4 and Nebraska law.  Service may be by certified mail pursuant to Federal Rule of Civil Procedure 4 and Nebraska law in the discretion of the Plaintiff.

7.      Federal Rule of Civil Procedure 4 requires service of a complaint on a defendant within 120 days of filing the complaint.   However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on

the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

8.      Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.  A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

9.      The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**October 3, 2008**: Check for completion of service of summons."

10.     The Clerk of Court is directed to set a pro se case management deadline in this case using the following text: "**July 7, 2008**: Check for amended complaint."

11.     The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.  Plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

June 6, 2008.                                     BY THE COURT:

                                                   s/ *Richard G. Kopf*
                                                   United States District Judge