IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CORDELL CURRY STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV93 |
| | ) | |
| v. | ) | |
| | ) | |
| DOUGLAS COUNTY CORRECTIONAL CENTER, UNKNOWN DUTCHER, and W.L. STEVENS JR., | ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

Pending before me is the motion to dismiss filed by the Douglas County Correctional Center ("DCCC"), Unknown Dutcher, and W.L. Stevens Jr., (Filing No. 15), and the plaintiff's motion for additional summons, (Filing No. 9). For the reasons discussed below, the motion to dismiss plaintiff's claims against Douglas County, Nebraska, DCCC, and defendants Dutcher and Stevens in their official capacities, will be granted. However, the plaintiff's claims against Dutcher and Stevens in their individual capacities, as set forth in his amended complaint, (Filing No. 9, at CM/ECF pp. 2-12), will not be dismissed. The plaintiff's motion for additional summons to serve Dutcher and Stevens in their individual capacities will be granted.

PROCEDURAL HISTORY

The plaintiff's original complaint against DCCC, and defendants Dutcher and Stevens was filed on March 4, 2008. (Filing No. 1; Filing No. 7). The original complaint alleged that while the plaintiff was incarcerated at DCCC, defendants Dutcher and Stevens, who are DCCC correctional officers, attacked and subdued the

plaintiff, drug him to an isolation cell, and refused to provide plaintiff with prompt access to medical care for his resulting injuries. The complaint did not state whether defendants Dutcher and Stevens were sued in their individual capacity, official capacity, or both.

The court's memorandum and order on initial review was entered on June 6, 2008. (Filing No. 8). The court held that to the extent the plaintiff's complaint stated any claims for recovery, those claims were against only Douglas County, Nebraska. The court further explained that the plaintiff's complaint failed to state a claim for excessive force against Douglas County, Nebraska, but liberally construed, the complaint did state an Eighth Amendment medical indifference claim against the county.

The plaintiff's excessive force claim against Douglas County was dismissed. (Filing No. 8, at CM/ECF p. 7, ¶ 2). The plaintiff was given "until July 7, 2008 to file an amended complaint to state whether he is suing Defendants Dutcher and Stevens Jr. in their individual capacities." (Filing No. 8, at CM/ECF p. 7, ¶ 3). The court's order on initial review further stated that "[p]laintiff's claim of medical indifference against Douglas County may go forward . . . and service is now warranted as to that claim only." (Filing No. 8, at CM/ECF p. 7, ¶ 4). The plaintiff was advised that to obtain service of process, he must complete and return a summons form for service on Douglas County, Nebraska in accordance with Rule 4 of the Federal Rules of Civil Procedure and Nebraska law. The plaintiff was given 120 days, or until October 3, 2008, to properly serve his complaint on Douglas County, Nebraska. (Filing No. 8, at CM/ECF pp. 7-8, ¶¶ 5-7). The clerk mailed the plaintiff a copy of the court's memorandum and order on initial review, along with a summons and 285 form to complete and return for service on Douglas County, Nebraska. (Filing No. 8, docket entry).

The plaintiff returned the summons form. However, the summons form was not completed for service on Douglas, County, Nebraska, but rather in on Dutcher and Stevens in their official capacities. (Filing No. 10). This summons, along with a copy of the plaintiff's original complaint, (Filing No. 1), its name-change amendments, (Filing No. 6; Filing No. 7), and the court's order on initial review, (Filing No. 8), were served by the U.S. Marshals Service on DCCC Sergeant Ernest Black on August 13, 2008. (Filing No. 11). The plaintiff has never completed a summons to serve, and has not served, his complaint on the chief executive officer or clerk of Douglas County, Nebraska.

The plaintiff filed a motion for additional summons on July 15, 2008. (Filing No. 9). His amended complaint was attached to that motion.[1] See Filing No. 9, at CM/ECF pp. 2-12. This amended complaint replaces plaintiff's original complaint as the operative complaint at this time. The substance of the amended complaint is substantially the same as the initial complaint, but its caption states defendants Dutcher and Stevens are being sued in their individual capacities. DCCC is not a named defendant in the amended complaint, and the amended complaint contains no allegation or reference stating Dutcher and Stevens are being sued in their official capacities. (Filing No. 9, at CM/ECF p. 2). Dutcher and Stevens, in their individual capacities, have never been served.

---

[1]The brief filed by defendants DCCC, Dutcher, and Stevens states the plaintiff did not file an amended complaint. The plaintiff did file an amended complaint, but he submitted it to the clerk along with his motion for additional summons. The two documents were filed as one, with a corresponding docket entry entitled, "MOTION for additional summonses filed by Plaintiff Cordell Curry Stewart." To avoid future confusion, the clerk will be ordered to separately file the amended complaint.

3

DISCUSSION

Defendants DCCC, Dutcher, and Stevens move the court to dismiss plaintiff's complaint for failure to serve Douglas County, Nebraska on or before October 3, 2008. These defendants argue that due to plaintiff's failure to serve the county as required by the court's order on initial review, the court lacks jurisdiction over the defendants.

Based on the plaintiff's amended complaint, the plaintiff is no longer pursuing recovery from DCCC, or Dutcher and Stevens in their official capacities. These claims, which are actually claims against only Douglas County, Nebraska, have apparently been abandoned.

More importantly, the plaintiff has made no attempt to properly serve Douglas County, Nebraska. Pursuant to Rule 4(j)(2) of the Federal Rules of Civil Procedure, a county must be served by either "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Under Nebraska law, a county "may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk." Neb. Rev. Stat. § 25-510.02(2). The plaintiff never served a summons and complaint on either the chief executive officer or the clerk of Douglas County, Nebraska. As to Douglas County, DCCC, and defendants Dutcher and Stevens in their official capacities, the plaintiff's case will be dismissed for lack of service.

However, the plaintiff's amended complaint against Dutcher and Stevens, in their individual capacities, sufficiently alleges claims that these defendants violated plaintiff's Eighth Amendment rights by using excessive force and denying plaintiff access to medical care. The plaintiff's request for additional summons to serve the

amended complaint on Dutcher and Stevens, in their individual capacities, (Filing No. 9), will be granted.

    IT IS THEREFORE ORDERED that:

1)     Defendant's motion to dismiss, (Filing No. 15), is granted in part and denied in part as follows:

    A.     Plaintiff's claims against Unknown Dutcher and W.L. Stevens Jr., in their official capacities, the Douglas County Correctional Center, and Douglas County, Nebraska, are dismissed.

    B.     Plaintiff's claims against Unknown Dutcher and W.L. Stevens Jr., in their individual capacities, as set forth in plaintiff's amended complaint, are not dismissed.

2)     Plaintiff's motion for additional summons, (Filing No. 9), is granted.

3)     To obtain service of process on Unknown Dutcher and W.L. Stevens Jr., in their individual capacities, the Plaintiff must complete and return the summons forms which the Clerk of the Court will provide. The Clerk of the Court shall send TWO (2) summons forms to Plaintiff together with a copy of this Memorandum and Order.

4)     Service shall be completed in accordance with Rule 4 of the Federal Rules of Civil Procedure and Nebraska law. The Plaintiff is given 45 days from the date of this order to complete service of process by properly serving a summons and a copy of plaintiff's amended complaint on Unknown Dutcher, in his individual capacity, and on W.L. Stevens Jr., in his individual capacity.

5) Plaintiff is hereby notified that failure to obtain service of process on either or both of these defendants within 45 days of the date of this order may result in dismissal of this matter without further notice as to the defendant(s) not served. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to the amended complaint.

6) The Clerk is directed to separately file plaintiff's "Amended Complaint," (Filing No. 9, at CM/ECF pp. 2-12), in the court's docket.

7) The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: December 29, 2008: Deadline for service of summons on Unknown Dutcher and W.L. Stevens Jr., in their individual capacities.

8) The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 14th day of November, 2008.

BY THE COURT:

*s/Richard G. Kopf*
United States District Judge