IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CORDELL CURRY STEWART, | ) | 8:08CV93 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DUTCHER, and STEPHENS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion for Summary Judgment. (Filing No. 43.) As set forth below, the Motion is granted.

## I.  BACKGROUND

Plaintiff Cordell Curry Stewart ("Stewart") filed his Complaint in this matter on March 4, 2008. (Filing No. 1.) Thereafter, Stewart filed an Amended Complaint, which is the operative complaint in this matter. (Filing No. 18.) Stewart's claims are brought pursuant to 42 U.S.C. § 1983 and, liberally construed, allege that Defendants Dutcher and Stephens attacked him, placed him to an isolation cell and refused to provide him with prompt access to medical care for his resulting injuries. (Filing No. 18 at CM/ECF pp. 7-8.)

Defendants filed their Motion for Summary Judgment on November 22, 2009. (Filing No. 43.) Along with their Motion, Defendants filed an Index of Evidence and Brief in Support. (Filing No. 42; Filing No. 43-1, Attach. 1.) Rather than respond to Defendants' Motion, Plaintiff filed a Motion for Leave to File an Amended Complaint. (Filing No. 46.)

The party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts as to which the moving party contends there is no

genuine issue to be tried and that entitle the moving party to judgment as a matter of law." NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint citations to evidence supporting the opposition. *Id*. "Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response." *Id.*; *see also* Fed. R. Civ. P. 56(e) ("A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.").

Defendants have submitted a statement of material facts in accordance with the court's Local Rules. However, Stewart has not submitted any "concise response" to those facts. Defendants submitted evidence which was properly authenticated by affidavit. Stewart has not. This matter is therefore deemed fully submitted and the court adopts the following relevant undisputed facts

## II. RELEVANT UNDISPUTED FACTS

1. Stewart is currently an inmate confined at the Nebraska State Penitentiary in Lincoln, Nebraska. (*See* Docket Sheet.)

2. Defendants are employees of the Douglas County Department of Corrections ("DCDC"). (Filing No. 43-1, Attach. 1 at CM/ECF p. 1.)

3. At the DCDC, inmate grievances are handled through a procedure detailed in the DCDC Inmate Handbook. Upon arrival at the DCDC, all inmates are given a copy of the Inmate Handbook and a verbal explanation of the grievance procedures. (Filing No. 42-3, Attach. 3 at CM/ECF pp. 2, 8.)

4.     The DCDC grievance procedures require inmates to follow a three-step process to voice complaints. First, an inmate must file an Inmate Request Form. (Filing No. 42-5, Attach. 5 at CM/ECF p. 7.) Inmates may submit as many Inmate Request Forms as they feel are necessary to resolve their particular issue or dispute. (Filing No. 42-3, Attach. 3 at CM/ECF p. 2.)

5.     If an inmate is dissatisfied with a response to an Inmate Request Form they may submit a Step-One Grievance and a designated person will respond. (*Id*.)

6.     If an inmate is not satisfied with a Step-One Grievance response they may submit Step-Two Grievance Appeal Form and appeal the matter directly to DCDC Director Jeffery L. Newton. (*Id*.)

7.     Stewart filed two Inmate Request Forms to inquire about grievance forms that he allegedly filed on May 26, 2006. He filed the first on January 24, 2008, and the second on February 23, 2008. (*Id*.; Filing No. 42-6, Attach. 6 at CM/ECF pp. 1-2; Filing No. 1.)

8.     On each occasion, a Step-One Grievance Form was sent to Stewart. However, Stewart failed to return the forms. (Filing No. 42-3 at CM/ECF p. 4.)

### III.    ANALYSIS

**A.    Standard of Review**

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56©. *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary

judgment record to determine the truth of any factual issue. *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate the allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

**B.  Defendants' Motion for Summary Judgment**

Defendants argue, among other things, that they are entitled to summary judgment because Stewart failed to exhaust his administrative remedies before filing suit. (Filing No. 43-1, Attach. 1 at CM/ECF pp. 28-30.) The court agrees, and need not reach Defendants' other arguments.

As set forth in the Prison Litigation Reform Act:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This exhaustion requirement is a mandatory prerequisite to filing suit under 42 U.S.C. § 1983 or any other federal law. *Porter v. Nussle*, 534

U.S. 516, 524 (2002); *see also Jones v. Bock*, 549 U.S. 199, 211-12 (2007) (citing *Porter* and reiterating that "unexhausted claims cannot be brought in court"). To be clear, exhaustion must occur *prior to* filing suit in federal court and may not occur during the pendency of a federal lawsuit. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). As set forth in *Johnson*:

> Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court. Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory.

*Id.*

Stewart filed his original Complaint on March 4, 2008. (Filing No. 1.) As set forth above, the DCDC has a three-step grievance process for inmates to exhaust their administrative remedies. Thus, in order to properly exhaust his administrative remedies, Stewart was required to submit an Inmate Request Form, a Step-One Grievance and a Step-Two Grievance for his claims *prior to* March 4, 2008. (Filing No. 42-3, Attach. 3 at CM/ECF p. 1-4; Filing No. 42-5, Attach. 5 at CM/ECF p. 7; Filing No. 42-6, Attach. 6 at CM/ECF pp. 4-5.) The undisputed evidence before the court shows that Stewart submitted two Inmate Request Forms to inquire about grievance forms that he allegedly filed on May 26, 2006. (Filing No. 42-3, Attach. 3 at CM/ECF pp. 1-2.) However, Stewart failed to follow through with the DCDC's administrative process; he failed to submit a Step-One and a Step-Two Grievance Form. (*Id.* at CM/ECF p. 4.) In short, Stewart's claims must be dismissed because he failed to exhaust his DCDC administrative remedies prior to filing this action. *See Jones v. Bock*, 549 U.S. 199 (2007) (unexhausted claims cannot be brought in court or considered; failure to exhaust is an affirmative defense); *Woodford v. Ngo*, 548

U.S. 81 (2006) (proper exhaustion demands compliance with agency's deadlines and other critical procedural rules).

IT IS THEREFORE ORDERED that:

1. Defendants' Motion for Summary Judgment (filing no. 43) is granted and Stewart's claims are dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

3. All other pending motions are denied as moot.

DATED this 30th day of March, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.